IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SANDRA KING,** | |
| Plaintiff, | |
| v. | CA No.  4:11-cv-00660 |
| **JOHN CHRISTNER TRUCKING INC., and JOHN CHRISTNER TRUCKING, LLC** | JURY DEMANDED |
| Defendant | |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to the Court's November 10, 2011 Order to Submit Joint Status Report and Proposed Discovery Plan ("Order") (Dkt. #16), The Plaintiff, Sandra King and Defendants, John Christner Trucking Inc., and John Christner Trucking, LLC., file the following Proposed Joint Status Report and Proposed Discovery Plan as follows:

| | |
|---|---|
| Ellen Sprovach<br>USDC SD/TX No. 22202<br>Texas State Bar ID 24000672<br>Rosenberg & Sprovach<br>3555 Timmons Lane, Suite 610<br>Houston, Texas 77027<br>(713) 960-8300<br>(713) 621-6670 (Facsimile)<br>ellen@rosenberglaw.com | Bob L. Latham<br>Brandy L. Wandres<br>LATHAM, WAGNER, STEELE & LEHMAN<br>10441 S. Regal Blvd., Ste. 200<br>Tulsa, Oklahoma, 74133<br>(918) 970-2000<br>(918) 970-2002<br>blatham@lswsl.com<br>bwandres@lswsl.com |

**1.   A brief statement of the nature of the case, including the contentions of the parties.**

Plaintiff is a former employee of Defendants. She alleges overtime violation claims under the Fair Labor Standards Act, specifically that she was not an exempt employee, that Defendants characterized her as exempt and as such did not pay her overtime for hours

work in excess of 40 hours per week. Plaintiff alleges that she worked significant overtime. Defendants deny the allegations.

**2. Any challenge to jurisdiction or venue.**

None.

**3. A brief description of any matter that require a conference with the Court.**

None at this time.

**4. An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for the joinder of such parties.**

Plaintiff does not believe that the joinder of additional parties is necessary under Fed. R. Civ. P. 19 or Fed. R. Civ. P. 20.

**5. When the disclosures required by Fed. R. Civ. P. 26(a) (1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Fed. R. Civ. P. 26(a)(1)(B).**

Parties will make their initial disclosures on or before January 13, 2011.

**6.**

**a) A very brief statement of the subjects on which discovery may be needed.**

Parties anticipate discovery related to Defendant's liability and claimed damages, more specifically, Plaintiff's hours worked and as to her job duties as it relates to her exempt status.

**b) When discovery should be completed.**

Parties have agreed that discovery can be completed by October 31, 2012.

**c) Whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Parties do not anticipate the necessity for discovery to be completed in phases.

**7. What changes, if any, should be made in the limitations on discovery imposed under the federal or local rules, and what other limitations, if any, should be imposed.**

None.

**8.  A statement regarding whether any other orders should be entered by the Court under Fed. R. Civ. P. 26(c) or under Fed. R. Civ. P. 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the joint status report and proposed discovery plan.)**

The parties request this Court enter an Order setting the following deadlines pursuant to Fed. R. Civ. P. 16(b):

| Rule 26(a)(1) Initial Disclosures | January 13, 2012 |
|---|---|
| Joint Parties / Amend Pleadings | February 2, 2012 |
| Complete Fact Discovery | October 31, 2012 |
| Plaintiff's Experts | April 13, 2012 |
| Defendant's Experts | May 18, 2012 |
| Filing of Rule 56 Motions for Summary Judgment | December 15, 2012 |

**9.  Whether a jury has been demanded.**

Yes, a jury has been demanded.

**10. Whether the parties will consent to the referral of this case to a United States magistrate judge, who will preside over all pretrial proceedings and trial (whether jury or nonjury). See 28 U. S.C . § 636(c); F.R.C.P. 73. The parties are advised that they are free to withhold consent without adverse substantive consequences. If one or more of the parties does not consent, this fact should be communicated only by stating in the joint status report that "the parties could not agree to refer this case to the magistrate judge."**

The parties do not agree to refer this case to the magistrate judge.

**11.**

    **a)  An assessment of the prospects for settlement.**

        The parties believe there is a possibility of mediation and settlement negotiations following initial discovery.

**b)  The status of any settlement negotiations already conducted, (except that in a nonjury case the parties shall not disclose settlement figures).**

Parties have not engaged in settlement discussions to date.

**c)  The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear in person to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith ).**

Parties agree to attend a formal settlement conference prior to April 30, 2012 to

discuss the potential for settlement in this case.

**12. An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it. If mediation seems appropriate, indicate when (month and year) it would be appropriate and whether it should be ordered in addition to or in lieu of the Court- ordered settlement negotiations contemplated by 11(c), above.**

Parties are amenable to mediation.  Parties agree that mediation should be ordered in lieu

of Court ordered settlement negotiations. Parties agree to mediate this case by May 31,

2012.

**13. A statement that counsel have read the *Dondi* decision, 121 F. R. D. 284 (N.D. Texas 1988). The *Dondi* opinion is also available on the Northern District of Texas website at http://www.txnd.uscourts.gov/publications/html.**

Parties have read the *Dondi* opinion.

**14. Any other matter relevant to the status and disposition of this case.**

None.

Respectfully submitted,

/s/ Ellen Sprovach
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG & SPROVACH
3555 Timmons Lane, Suite 610
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF

/s/ Brandy Wandres (w/ permission)
Bob L. Latham
Brandy L. Wandres
LATHAM, WAGNER, STEELE & LEHMAN
10441 S. Regal Blvd., Ste. 200
Tulsa, Oklahoma, 74133
(918) 970-2000
(918) 970-2002
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I served a copy of this document on:

Bob L. Latham
Brandy L. Wandres
LATHAM, WAGNER, STEELE & LEHMAN
10441 S. Regal Blvd., Ste. 200
Tulsa, Oklahoma, 74133
(918) 970-2000
(918) 970-2002

by means of the ECF Filing system on the 5th day of December 2011.

/s/ Ellen Sprovach
Ellen Sprovach